OPINION
BY THE COURT:
The above entitled cause is now being determined upon three separate motions, but in the interests of brevity all will be considered and determined in one opinion.
The respective motions are as follows:
(1) Now comes P. A. Cuneo, Alexander Cuneo and Edward A. Cuneo, appellees herein, and move for an order to dismiss the appeal on questions of law and fact for the reason that this is not a chancery case.
(2) Now comes P. A. Cuneo, Alexander Cuneo and Edward A. Cuneo, appellees herein, and move for an order to dismiss the appeal on questions of law as for want of prosecution under Rule VII of the Rules of the Court of Appeals of Ohio, for the reason that the appellant or his counsel failed within fifty days after filing notice of intention to appeal, to file with the Clerk of this Court his assignments of error and brief.
(3) Now comes P. A. Cuneo, Alexander Cuneo and Edward A. *519 Cuneo, appellees herein, and make this motion in the alternative that should the Court overrule their motion heretofore filed to dismiss the appeal on questions of law and fact, and overrule the motion heretofore filed to dismiss the appeal on questions of law, then these defendants move that an order issue requiring the appellant, Charles S. M. Krumm, Executor of the Estate of ^Caroline Peirano, deceased, to elect Whether he is proceeding on his ''(appeal on questions of law and fact or on his appeal on questions of law.
We take up and dispose of these motions in the order presented.
Under motion No. 1 it is requested that the appeal on questions of law and fact be dismissed because the action is not one in chancery. Counsel for appellant urge that the action is one to construe a will and that such an action is equitable in character. An examination of the petition discloses that the executor of the Estate of Caroline Peirano, deceased, sought instructions from the Court as to what disposition should be made of a fund coming into his hands from the estate of John Peirano, husband of Caroline, and controlled by Item III of the said John Peirano’s will.
The petition does request a construction of this Item III, but it is our conclusion that this is only an incident as bearing on the requested order for distribution in the Catherine Peirano estate. In our judgment the action is not one in chancery and therefore not subject to appeal on question of law and fact.
The provisions of the Code relative to appeals from judgments in the Probate Court provide for de novo appeals to be made 'to the Common Pleas Court, and appeals on law may be made to the Court of Appeals. Ordinarily, chancery actions are not brought in the Probate Court, although the new Probate Code gives to the Probate Court chancery jurisdiction which it did not have before.
Determining, as we do, that the action is not one in chancery, we determine that the appeal may not be heard in our Court as a chancery appeal, but, following the provisions of §12223-22 CC, we do not dismiss but determine that the action shall stand for hearing as an appeal on questions of law.
Considering the second motion that the appeal on questions of law be dismissed because plaintiff has failed to file briefs within the time prescribed under the rules of court, we very frequently have determined that this provision for dismissal is not available where the appellant has taken an appeal on questions of law and fact.
The fact that appellant has appeals both on question of law and fact and on question of law does not alter the situation. We must first determine whether or not the case is appealable on question of law and fact, and we have in this opinion determined that such an appeal will not lie. Following the entry the appeal is recognized for the first time as an appeal on questions of law.
Ordinarily, we would follow §11564 GC, and fix a time not exceeding thirty days within which appellant might have a bill of exceptions prepared and allowed. In the instant ease it seems that appellant has so done before having it determined upon which appeal he might proceed. Generally, it is preferable, where there is a question submitted as to the character of the appeal, to not have a bill of exceptions signed and approved until the Court makes its judicial determination that the case may *520 not be heard de novo. In the event the Court of Appeals determines that the appeal on question of law and fact is proper, the appellant has done a vain thing in having allowed and prepared his bill of exceptions, for the reason that in the absence of an agreement with counsel representing the appellees such a bill of exceptions can not be used, and thereby the appellant has incurred expense for no purpose.
In the instant case, having determined that the appeal on law and fact may not be heard as such, but holding the case for hearing as an appeal on question of law, and it further appearing that the bill of exceptions has been prepared and allowed, the same may be re-filed as of the date of the entry on these motions and appellant also having filed brief, this may likewise be re-filed as of this date and the appellee given twenty days in which to file an answer brief, after which appellant will have ten days in which to file reply brief.
Motion No. 3 is not required to be determined, since our decision on Nos. 1 and 2 effectively determines upon which appeal appellant must proceed.
This entry may be presented in accordance with ■ this finding.
GEIGER, PJ., BARNES and HORN-BECK, JJ., concurring.